UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAROLIN J. CAMPBELL,

    Plaintiff,                             CIVIL ACTION NO. 06-15513

vs.

                                         DISTRICT JUDGE PAUL D. BORMAN
                                         MAGISTRATE JUDGE DONALD A. SCHEER
ANGELA HOSPICE HOME
HEALTH CARE, INC.

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion to Dismiss for Insufficient Service of Process should be DENIED, and the Court should exercise its discretion under FRCP 4(m) to allow Plaintiff additional time to effect service of process.

\*   \*   \*

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The Plaintiff, who has not retained counsel, filed her complaint on December 13, 2006, alleging that she had been unlawfully terminated from her employment with the Defendant. To date, Defendant has not been properly served. Plaintiff attempted to serve Defendant on February 21, 2007, by certified mail. The envelope was addressed to "Angela Hospice Home Care, Inc.," and was received and signed for by Ms. Linda Roberts, the receptionist at the corporation's main Livonia, Michigan office (See Exhibits 1 and 2, attached to Defendant's Motion to Dismiss). According to an attached affidavit, Ms. Roberts

declared that she is not an authorized agent of the corporation, and that she does not have authority to accept service of process on its behalf (See affidavit, attached as Exhibit 2 to Motion to Dismiss).

The envelope contained a copy of the summons and a blank "Return of Service" statement. There was not a copy of the Complaint within the envelope (Exhibit 3). Defendant claims that it has not been served with a copy of the Complaint to date. Plaintiff also failed to send the summons and complaint to a director, trustee or person in charge of the business establishment (resident agent) of the corporation, in accordance with the applicable federal rule for service upon corporations (See F.R.C.P. 4(h)(1)).

Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that "a summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period.

Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

The Rule clearly places the burden of showing good cause on the plaintiff. Habib v. General Motors Corp., 15 F.3d. 72, 73 (6th Cir. 1994).

I am persuaded that the Court should exercise its discretion under Rule 4(m) to allow Plaintiff additional time to effect service of process. An extension of time would not cause actual prejudice to the Defendant other than the inherent "prejudice" in having to defend the lawsuit. Considering that Plaintiff is not represented by counsel, and that she has made a diligent, good faith effort to serve Defendant with process, additional time to effect proper service should be permitted. Moreover, the Defendant has had actual notice of this lawsuit since February 2007.

Accordingly, the Court should grant the Plaintiff an extension of time under Fed. R. Civ. P. 4(m). Plaintiff should be ordered to effect service of process upon Defendant pursuant to Rule 4 of the federal rules of civil procedure on or before July 20, 2007[1]. The Court should not dismiss Plaintiff's Complaint at this time, but the Plaintiff should be advised that the Court reserves the right to reconsider dismissal under Rule 4(m) if the Plaintiff fails to effect service of process by the July 20, 2007, deadline. The Defendant's motion to dismiss the complaint on the ground of insufficient service of process should be DENIED, at this time. However, the defendant is free to file another Rule 12(b)(5) motion to dismiss if the Plaintiff fails to effect sufficient service of process in compliance with Rule 4 and this Court's order.

---

[1] Plaintiff has the option to request that the Court order service by the United States Marshal, since she was authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(2).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: June 12, 2007

_____

## CERTIFICATE OF SERVICE

I hereby certify on June 12, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 12, 2007. **Karolin J. Campbell.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217