**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAROLIN J. CAMPBELL,

        CASE NO. 06-CV-15513

    Plaintiff,

        PAUL D. BORMAN

-vs-        UNITED STATES DISTRICT JUDGE

ANGELA HOSPICE HOME        DONALD A. SCHEER
HEALTH CARE,        UNITED STATES MAGISTRATE JUDGE

    Defendant.
_____/

**OPINION AND ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S JUNE 12, 2007 REPORT AND
RECOMMENDATION; (2) DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; AND (3)
GRANTING PLAINTIFF AN EXTENSION OF TIME TO EFFECT PROPER SERVICE
OF PROCESS UNTIL AUGUST 20, 2007**

Before the Court are Defendant Angela Hospice Home Health Care's ("Defendant") June 15, 2007 Objections to the Magistrate Judge's June 12, 2007 Report and Recommendation: (1) denying without prejudice Defendant's Motion to Dismiss for Insufficient Service of Process; and (2) allowing Plaintiff Karolin J. Campbell additional time to effect proper service of process. (Doc. No. 8). Having considered the entire record, and for the reasons that follow, the Court ACCEPTS the Magistrate Judge's Report and Recommendation; DENIES WITHOUT PREJUDICE Defendant's Motion to Dismiss for Insufficient Service of Process; and GRANTS Plaintiff until August 20, 2007, to provide proper service of process on Defendant.

Plaintiff, proceeding in this case pro se, filed a Complaint in this Court on December 13, 2007. Plaintiff's Complaint alleges Title VII claims, asserting that she was treated in a discriminatory fashion and then terminated on the basis of her race. Attached to her Complaint

1

was an EEOC Right to Sue Letter, dated September 29, 2006. Plaintiff also filed on December 13, 2006, an application to proceed in forma pauperis.

On January 8, 2007, this Court granted Plaintiff's application and directed her to serve a copy of the summons, complaint, and that Order upon Defendant.

On February 21, 2007, Plaintiff attempted to serve Defendant via certified mail. The envelope was addressed to "Angela Home Hospice Care, Inc.," and was received and signed by Defendant's receptionist at Defendant's main corporate office in Livonia, Michigan. The envelope contained a copy of the summons and a blank "Return of Service" statement. However, the Complaint was not included in the envelope.

On March 12, 2007, Defendant filed a Motion to Dismiss for Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5). In that motion, Defendant contended that: (1) Plaintiff's mailing of the Complaint to Defendant was insufficient service upon a corporation; and (2) Plaintiff failed to serve the required copy of the Complaint with the summons. Plaintiff did not file a Response.

On June 12, 2007, the Magistrate Judge issued a Report and Recommendation giving Plaintiff until July 20, 2007, to provide effective service upon Defendant.

On June 15, 2007, Defendant filed Objections to the Report and Recommendation. Defendant objected that: (1) a pro se litigant is not entitled to special treatment for the rules governing service of process; (2) Plaintiff did not show good cause for failure to serve properly Defendant under Fed. R. Civ. P. 4; (3) actual notice of a claim is not a substitute for personal service; and (4) any extension of time to serve correct process would be futile, since the statute of limitations period has run.

On June 22, 2007, a letter from Plaintiff was filed on the docket. Plaintiff asserts that upon receiving correspondence from Defendant's counsel on May 17, 2007, Plaintiff resent her Notice and Complaint to Defendant's CEO and Administrator.

Pursuant to Fed. R. Civ. P. 72(b), a district court reviews *de novo* timely objections to a magistrate judge's report and recommendation on a dispositive motion.

There is no record in this case as to whether Plaintiff properly served Defendant by the Magistrate Judge's recommended extension to July 20, 2007. The Court finds that given the circumstances of the case, the Magistrate Judge's recommendation to permit more time to properly serve Defendant was not contrary to law. *See, e.g., Wise v. Dep't of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999) (collecting cases) (holding that a district court has discretion under Fed. R. Civ. P. 4(m), even absent a showing of good cause, to extend the time for proper service), *accord Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322 (E.D. Mich. 2001). Among the factors that a district court can consider for the purposes of whether to grant Plaintiff an extension of time are: (1) the length of the extension; (2) the prejudice to the defendant; (3) whether the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff – i.e., the claim would be time-barred; and (5) the plaintiff had made good-faith efforts to effect proper service of process. *Wise*, 196 F.R.D. at 57.

The Magistrate Judge found that: (1) Defendant would not be prejudiced by permitting an extension of time to July 20, 2007; (2) Defendant had actual notice of the lawsuit; and (3) Plaintiff had made a good-faith effort to serve Defendants. This Court finds no defect in the Magistrate Judge's reasoning on these issues.

Furthermore, Defendant's argument that the statute of limitations has run on Plaintiff's claim was not presented to the Magistrate Judge. Therefore, this Court has no authority to review this argument on objection. *See Murr*, 200 F.3d at 901 n. 1.

Accordingly, the Court hereby:

(1) **ACCEPTS** the Magistrate Judge's June 12, 2007 Report and Recommendation;

(2) **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss for Insufficient Service of Process (Doc. No. 4); and

(3) **GRANTS** an extension of time for Plaintiff to effect proper service of process on Defendant to August 20, 2007. This Court has extended the time to August 20, 2007, since this Order has not been entered prior to July 20, 2007.

This Order does not preclude Defendant from filing a renewed motion to dismiss for insufficient process if Plaintiff does not properly serve Defendant by August 20, 2007.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 3, 2007.

s/Denise Goodine
Case Manager