UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAROLIN S. CAMPBELL,

       Plaintiff,

v.

ANGELA HOSPICE HOME HEALTH
CARE, INCORPORATED,

       Defendant.
_____/

CIVIL ACTION NO. 06-15513

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Defendant's Renewed Motion to Dismiss Pursuant to FRCP 12(b)(2), (5) and (6) be granted.

**II.**    **REPORT:**

    **A.**    **Procedural History**

Plaintiff filed her pro se Complaint on December 13, 2006. On March 12, 2007, Defendant filed a Motion to Dismiss for insufficient service of process. That Motion was referred to the undersigned magistrate judge. On June 12, 2007, the magistrate judge issued a Report and Recommendation that Plaintiff be given additional time within which to effect proper service of Summons and Complaint. Defendant's Objections were filed on June 15, 2007. On August 3, 2007, the court adopted the Report and Recommendation, and granted Plaintiff until August 20, 2007 to effect service. Defendant filed its Answer on August 7, 2007. On August 15, 2007, the district judge entered an Order of Reference to the magistrate judge for All Pretrial Matters.

On August 24, 2007, Defendant filed its Renewed Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2), (5) and (6). On September 18, 2007, Plaintiff's letter response to the Motion was filed. The parties appeared for hearing on November 5, 2007.

**B.    Factual History**

Following the filing of her Complaint on December 13, 2006, Plaintiff attempted to serve Defendant by certified mail on February 21, 2007. The envelope was addressed to "Angela Hospice Home Health Care, Inc.," and was received and signed for by Ms. Linda Roberts, the receptionist. (Defendant's Exhibit 1). Ms. Roberts is not an authorized agent of the Defendant, and has no authority to accept process on its behalf. (Defendant's Exhibit 2). Further, the envelope contained a copy of the Summons and a blank return of service, but no copy of the Complaint was enclosed. (Defendant's Exhibit 3).

Defendant filed a Motion to Dismiss for insufficient service of process on March 12, 2007. The Motion was referred to the magistrate judge, who issued a Report and Recommendation that the Motion be denied without prejudice and that Plaintiff be permitted additional time within which to effectuate proper service. In a written Order of August 3, 2007, the court accepted the recommendation, over Defendant's objection, and granted Plaintiff until August 20, 2007 to effect proper service.

Prior to the entry of the court's Order, on June 19, 2007, Defendant received a second certified mailing from Plaintiff. That mailing, addressed to "Angela Hospice Home Health Care, Inc." with attention to "Sister Mary Giovanni/CEO" and "Mary Beth Moning/Administrator." (Defendant's Exhibit 5). This package, like the first, was received at Defendant's front desk. Defendant is unable to confirm the identity of the individual who signed for the package, but asserts that the mailing was not accepted by either of the

named addressees. Further, Plaintiff again failed to include a copy of the Complaint. The package contained only the Summons and a return of service completed by Plaintiff. (Defendant's Exhibit 7). In a letter to the court on June 18, 2007, Plaintiff asserted that she had mailed a copy of the Complaint to Defendant. (Defendant's Exhibit 8). The record reflects no further effort on Plaintiff's part to serve Defendant with Summons and Complaint.

### C. Applicable of Law and Standard of Review

In the absence of personal jurisdiction over a defendant, a court lacks jurisdiction to adjudicate that party's rights, whether or not the court has valid subject matter jurisdiction. Friedman v. Estate of Jackie Presser, 929 F.2d 1151 (6th Cir. 1991). On a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(2), the party seeking the assertion of personal jurisdiction bears the burden of demonstrating that such jurisdiction exists. The non-moving party must make a prima facie showing of jurisdiction. Compuserve v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint, asking whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994). Technically, such a motion does not attack the merits of the case, but merely challenges the pleader's failure to state a claim properly. In deciding a Rule 12(b)(6) motion, the court must determine whether a plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations at face value and construe them in a light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). A court need not, however, accept as true legal conclusions or unwarranted factual inferences. Morgan v.

Churches Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). A court may properly grant a motion to dismiss when no set of facts is alleged which would allow the plaintiff to recover. Carter by Carter v. Cornwell, 983 F.2d 52, 54 (6th Cir. 1993).

**D. Analysis**

Federal Rule of Civil Procedure 4(c)(1) provides that summons shall be served together with a copy of the complaint, and that a plaintiff is responsible for the service of a summons. Due process requires the service of summons and complaint before a court has jurisdiction to adjudicate the rights of the parties. Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). A judgment is void with respect to a defendant over whom the court lacks personal jurisdiction. Bank One v. Abbe, 916 F.2d 1067 (6th Cir. 1990). A plaintiff bears the burden of perfecting service, and of demonstrating proper service. Sawyer v. Lexington-Fayette Co., 94 F.3d 217, 219 (6th Cir. 1996).

Fed.R.Civ.P. 4(h) prescribes the manner in which service is to be effected upon corporate defendants and provides, in pertinent part, as follows:

> Service upon a . . . corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . ..

Fed.R.Civ.P. 4(h)(1).

Fed.R.Civ.P. 4(e)(1) states that service upon individuals within a judicial district of the United States shall be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state." Michigan law provides for service of process on an active private corporation as follows:

> Service of process on a domestic or foreign corporation may be made by:
>
> > (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
> >
> > (2) serving the summons and a copy of the complaint on a director, trustee, or person in charge of an officer or business establishment of the corporation, and sending a summons and copy of the complaint by registered mail, addressed to the principal office of the corporation.

M.C.R. 2.105(D).

Fed.R.Civ.P. 4(h)(1) "does not provide for service of process upon corporations by mail as a matter of federal procedure." Taylor v. Stanley Works, 2002 WL 32058966 at *13 (E.D. Tenn. July 16, 2002) (citing Amnay v. Del Labs, 117 F.Supp. 2nd 283, 286-87 (E.D. N.Y. 2000) (holding that Rule 4(h)(1) does not authorize service on corporations by mail.) "The term 'delivering' in the later part of Rule 4(h)(1) does not include service by mail." Id. at *13-14.

> Service of process cannot be effected under Rule 4(h)(1) merely by mailing a copy of the summons and complaint to the corporation where it can be received along with the general mail by lower level employees who have no authority and responsibility for accepting service. Service of a federal lawsuit is a vitally important matter that is not entrusted to low level employees who may not know what action must be promptly

> taken to defend and protect the corporation's legal interests. Federal law does not subject corporations to service of process through the vagaries and unpredictable nature of mail service to just any person or lower echelon employee who happens to be present at the corporations place of business when the mail is delivered.

Taylor, at *14-15. See also, O.J. Distributing, Inc. v. Hornel Brewing Co. Inc., 340 F.2d 345, 354-55 (6th Cir. 2003) (holding that plaintiff did not comply with Rules 4(b) or 4(h) when a receptionist signed for an overnight package containing the summons and complaint at defendant's office).

In the case at bar, both attempts by Plaintiff to effect service involved registered mailings which were received with the general mail of the corporate Defendant. Neither delivery was received by an appropriate officer or agent entrusted with the responsibility for receiving legal process. Furthermore, Plaintiff neglected to include a copy of the Complaint in both mailings.

Proper service of process is essential to the existence of in personam jurisdiction over a defendant. Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). The burden is on a plaintiff to exercise due diligence to perfect service of process after the filing of a complaint. Campbell v. United States, 496 F.Supp. 36, 39 (E.D. Tenn. 1980). When the adequacy of service is challenged, the burden is also on the plaintiff to establish that proper service has been made. Shirers v. Magnivox Company, 74 F.R.D. 373, 377 (D.C. Tenn. 1977). In the case at bar, Plaintiff has merely asserted that proper service of process on the corporate Defendant has been completed. In the absence of a showing that service of both Summons and Complaint was directed to an appropriate agent of the Defendant in accordance with the applicable rules of procedure, a dismissal of the action

is warranted. See, Dunn v. Northwest Airlines, Inc., 2007 WL 1499215 (E.D. Mich.) (Judge Duggan). Actual notice of a lawsuit is not a substitute for personal service of process. Friedman v. Estate of Jackie Presser, 929 F.2d 1151, 1154 (6th Cir. 1991) (citing Omni Int'l v. Rudolph Wolff and Co., Ltd., 484 U.S. 97, 104 (1987)).

The court is well aware that Plaintiff is prosecuting this action pro se. That fact entered into the analysis resulting in my earlier Report and Recommendation that Plaintiff be afforded additional time to effect proper service. Nonetheless, pro se litigants are required to follow the applicable rules in litigating their claims. Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir. 1992). "Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, the court will afford no special treatment to ordinary civil litigants who proceed pro se." Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir. 1988). Failure of a pro se litigant to follow governing court rules is a proper basis for dismissal. Brown v. Harris, 53 F.3d 331 (6th Cir. 1995) (unpublished); Short v. Tackett, 100 F.3d 957 (6th Cir. 1996) (unpublished).

Defendant maintains that an extension of time within which Plaintiff must properly serve the Summons and Complaint would be futile because her claims are now time barred. Defendant correctly observes that, under Title VII, the time within which to file a complaint ends on the 90th day after receipt of the right to sue letter. 42 U.S.C. §2000e-5(f)(1) (2001). (Defendant's Brief, Page 11). The 90 day requirement is in the nature of a statute of limitations, and thus is subject to tolling. Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 393 (1982). Defendant argues that, while the filing of a Complaint tolls a statute of limitations, failure to complete service of Summons within 120 days, as required by Rule 4(m), ends the tolling period, and the statute of limitations once again begins to run.

7

Defendant cites Amnay v. Del Labs, 117 F.Supp. 2nd 283 (E.D. N.Y. 2000). The facts of that case closely parallel those presented in this action. Amnay's charge of discrimination with the Equal Employment Opportunity Commission was declined, and a right to sue letter was issued on July 6, 1999. Eighty-One days later, on September 27, 1999, he filed a complaint in the United States District Court. His efforts to serve the defendant were deficient, and proper service was not accomplished prior to the expiration of the 120 day period prescribed in Fed.R.Civ.P. 4(m), on January 25, 2000. The court determined that the statute of limitations resumed running on that date, and thus expired nine days later. Although the court expressed its inclination to relieve Amnay of the consequences of his failure to comply with Rule 4(m), it determined that such relief would not serve to prevent the expiration of the 90 day statute of limitations prescribed in Title VII, such that granting the Plaintiff an extension of time to attempt service would be futile.

If this court accepts the analysis in Amnay, not only would an additional extension of time for service be futile, but the court's August 3, 2007 Order granting the earlier extension would be futile as well, and Plaintiff's Title VII claim would be time barred.

While I concede the similarity between the facts of this case and those presented in an Amnay, I am not persuaded that the holding of the New York court reflects a bright line rule that the running of a statute of limitations automatically resumes at the conclusion of the 120 day period set out in Fed.R.Civ.P. 4(m). Amnay cites two cases as authority for that proposition, Ocasio v. Fashion Institute, 86 F.Supp. 2nd 371 (S.D. N.Y. 2000) and Frasca v. United States, 921 F.2nd 450 (2nd Cir. 1990). In Ocasio, the plaintiff's original complaint had been dismissed without prejudice, and the question for determination was whether the statute of limitation recommenced at that point so as to bar the filing of the

8

same claim in a subsequent complaint. Prior to the dismissal, the court had granted the plaintiff numerous opportunities to establish good cause for his failure to timely serve the defendants. It is reasonable to infer from that action that the court would not have held the statute of limitations to have expired if the original case had not been dismissed due to the plaintiff's failure to show good cause for his failure to complete service. That inference is supported by the court's holding that the time between plaintiff's in forma pauperis petition and the Order directing the filing of his complaint operated to toll the statute of limitations. It is further supported by the court's observation that the plaintiff had "offered no explanation . . . that would have entitled him to an extension of time in which to serve defendants" and "no reasons for the court to equitably toll the statute of limitations . . .." The clear suggestion is that either, or both of those circumstances might have operated to toll the statute of limitations.

A similar distinction can be drawn between this case and the facts presented in Frasca. In Frasca, the Second Circuit simply held that the provisions of former Fed.R.Civ.P. 4(j) required dismissal of a complaint where plaintiff had failed to serve the defendant within 120 days and further failed to establish good cause for his failure to do so. The court held that the Rule required dismissal despite the fact that the plaintiff's claim could not be refiled in a subsequent complaint due to the expiration of the statute of limitations.

The Rule applied in Frasca no longer exists. The current Fed.R.Civ.P. 4(m) permits the court to extend the time for service as an alternative to dismissal of an action without prejudice. No requirement for a showing of good cause now limits the court's discretion. In my view, this court was fully within its authority under the current Rule to enlarge the time

9

within which Plaintiff was required to effect service. I am further persuaded that, during any such extended time period, the statute of limitations would have been suspended.

Notwithstanding the foregoing analysis, I am persuaded that dismissal of Plaintiff's Complaint is appropriate at this point. As Defendant correctly observes, Plaintiff has been afforded more than reasonable opportunity to comply with the rules of procedure. I find nothing in the facts of this case to warrant a second exercise of the court's discretion to delay dismissal. Certainly, Plaintiff has made no showing of good cause for her failure which would require the court to further extend the time for service pursuant to Fed.R.Civ.P. 4(m). Mere inadvertence is not enough to satisfy the good cause requirement. Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). I conclude that the Title VII limitations period was suspended during the enlargement of time granted by the court for service, but that it began to run again upon Plaintiff's failure to complete service on the Defendant on or before August 20, 2007. Plaintiff had 90 days from her receipt of the September 29, 2006 right to sue letter to establish her claim. Allowing three additional days for service of the letter upon her by mail, the limitations period expired eighteen days following the expiration of the court's deadline for service of the Summons and Complaint. Thus, Plaintiff's Title VII claim expired on September 7, 2007, absent action by this court to further extend the deadline for service. As no such action is warranted, I recommend that Defendant's Motion to Dismiss be granted.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: November 28, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify on November 28, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 28, 2007. **Karolin Campbell.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217